IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO.  11-00268-CB-B |
|  | ) | CIVIL NO. 15-00419-CB-B |
| GERMAIN SNIPES, | ) | |
| Petitioner/Defendant. | ) | |

**ORDER**

This matter is before the Court on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.S § 2255 filed by petitioner Germain Snipes, a person in federal custody.  (Doc. 28.)  In response, the government has moved to dismiss the motion as time barred. (Doc. 32.)  Snipes has filed a response to the government's motion to dismiss.  (Doc. 35.)  In light of recent Eleventh Circuit case law, it is clear that the action is barred by § 2255's limitation period.

**Background**

Petitioner Germain Snipes pled guilty to a one-count indictment charging a violation of 18 U.S.C. § 922—felon in possession of a firearm.    At sentencing the Court found the Snipes was subject to an enhanced base offense level under U.S.S.G. § 2K2.1(a)(2) because he "committed . . . the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." (Presentence Investigation Report (PSR) ¶ 15, Doc. 21.)[1]  Snipes was sentenced to 94 months imprisonment, a 3-year supervised

---

[1] According to the PSR, which was adopted without objection, Snipes had prior felony convictions for possession of cocaine, manslaughter, and third-degree robbery. (Sentencing Tr. 2, Doc. 31; PSR ¶¶ 29, 32 & 33.)

release term, and a $100 special assessment. The judgment of conviction was entered on June 28, 2012. Snipes did not appeal.

More than three years later, on August 14, 2015, Snipes filed the instant § 2255 motion. The only claim asserted in the motion is a challenge to the enhancement of Snipes' sentence based on prior felony convictions of crimes of violence. Snipes argues that the United States Sentencing Guidelines' definition of a crime of violence is unconstitutionally vague. This claim is based on the Supreme Court's recent decision in *United States v. Johnson*, __ U.S. ___, 135 S.Ct 2551 (2015), which held that a nearly-identical definition of "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 922(e) was unconstitutionally vague. The government has moved to dismiss Snipes' motion because it was not filed within one year of the date judgment became final.[2] *See* 28 U.S.C. § 2255(f)(1). Snipes argues that the *Johnson* decision restarted the one-year limitations period. *See id.* § 2255(f)(3).

**Legal Analysis**

A motion for relief under section 2255 must be filed within one year of the latest of four potential dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] Judgment became final 14 days after the entry of judgment, when the time for filing an appeal expired. *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000); Fed. R. App. P. 4(b)(1) (14 days to file notice of appeal in criminal action).

>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Snipes relies on subsection (3), which applies only if *Johnson* "newly recognized" the right that would entitle Snipes to relief *and* that right was made retroactively applicable to cases on collateral review.  Unfortunately for Snipes, the Eleventh Circuit has held that right recognized in *Johnson* applies only to statutory sentences imposed under the Armed Career Criminal Act (ACCA), and does not apply to sentence enhancements under the Sentencing Guidelines.

In *Johnson*, the defendant challenged the enhancement of his sentence under the ACCA, which increases the minimum and maximum sentence for a felon-in-possession conviction if the defendant has three or more prior convictions for a "serious drug offense" or a "violent felony."  18 U.S.C. § 924(e)(1).  The Court held that ACCA's definition of "violent felony" was, in part, unconstitutionally vague. Specifically, it struck the statute's "residual clause" which defined "violent felony" to include conduct that "*otherwise involves conduct that presents a serious potential risk of physical injury to another.*"  *Johnson*, 135 S. Ct. 2555-56 (quoting 18 U.S.C. § 924(e)(1) (emphasis added)).

In this case, Snipes argues that his prior convictions do not qualify as crimes of violence under *Johnson* and therefore cannot be used to enhance his sentence under the United States Sentencing Guidelines.  Stated differently, the argument is that if the ACCA residual clause is unconstitutionally vague, then the identical

language in the Sentencing Guidelines[3] must be also.[4]  Not so, says the Eleventh Circuit.  "The vagueness doctrine, which 'rest[s] on [a] lack of notice,' does not apply to [the] advisory [sentencing] guidelines." *United States v. Matchett*, 802 F.3d 1185, 1194 (11th Cir. 2015).  "Because there is no constitutional right to sentencing guidelines—or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines—the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague."  *Id.* at 1194-95 (quoting *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990)).

In sum, the Eleventh Circuit has held that the Supreme Court's decision in *Johnson* does not apply to challenges to sentence enhancements based on the United States Sentencing Guidelines.[5]  For that reason, Snipes cannot rely on *Johnson* as the date on which the limitations period began to run.  The government's motion to dismiss is **GRANTED**.

**Certificate of Appealability Denied**

Rule 11 of the Rules Governing Section 2255 Proceedings requires that this Court "issue or deny a certificate of appealability when it enters a final order

---

[3] As defined by U.S.S.G. § 4B1.2(a)(2), a crime of violence includes a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another."

[4] The government also takes this position, though it does not agree that *Johnson* is retroactively applicable to cases on collateral review. The government took the same position in *Matchett*, but the Eleventh Circuit rejected the government's concession that the Guidelines residual clause was unconstitutionally vague.  *Matchett*, 802 F.3d at 1194 ("[c]onfessions of error do not relieve this Court of the performance of the judicial function").

[5] Whether the Guidelines are subject to vagueness challenges is the subject of disagreement among the Circuits.  *See United States v. Madrid*, ___ F.3d ___, No. 14-2159, 2015 WL 6657060, *5 n. 10 (10th Cir. Nov. 2, 2015) (discussing cases).

adverse to the applicant." "A certificate of appealability may be issued only where the applicant has made a 'substantial showing of the denial of a constitutional right.'" *Hardwick v. Singletary*, 126 F.3d 1312, 1313 (11th Cir. 1997). This standard is "materially identical" to the standard governing certificates of probable cause under the former 28 U.S.C. § 2253. *Id.*; *accord Slack v. McDaniel*, 579 U.S. 473 (2000). In the context of certificates of probable cause, the Supreme Court has defined the requirement of "a substantial showing of the denial of a federal right" to mean that the applicant must raise an issue that is debatable among jurists of reason. *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983). The claim asserted here does not meet this threshold. Accordingly, the certificate of appealability is **DENIED**.

**DONE** and **ORDERED** this the 7th day of December, 2015.

s/*Charles R. Butler, Jr.*
**Senior United States District Judge**